**Kenneth LOUI, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 93–3542.

United States Court of Appeals, Federal Circuit.

June 1, 1994.

Roger C. Benson, St. Petersburg, FL, argued for petitioner.

John Paul Trygar, Atty., M.S.P.B., Washington, DC, argued for respondent. With him on the brief were Mary L. Jennings, Deputy Gen. Counsel and Martha B. Schneider, Asst. Gen. Counsel. Of counsel were Thomas W. Petersen and David M.

---

Cohen, Attys., Dept. of Justice, Washington, DC.

Before MICHEL, PLAGER, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

Kenneth Loui appeals from the August 4, 1993 decision of the Merit Systems Protection Board, Docket No. AT0752930354–I–1, dismissing as untimely Loui's appeal from his removal as an employee of the United States Postal Service. Because the board's decision was not in accordance with law, we reverse the board's dismissal and remand for a determination of Loui's appeal on the merits.

## BACKGROUND

On February 27, 1993, Loui received a decision letter, sent certified mail from the United States Postal Service, terminating his employment with the agency as a mail handler. Although the decision letter was dated February 22, 1993, it specified that Loui's removal was "effective February 19, 1993." The letter also advised Loui of his "right to appeal th[e] decision in writing to the [board] within 20 days from the effective date of th[e] decision." See 5 C.F.R. § 1201.22(b) (1993).

Loui brought the letter to his attorney on March 1, 1993. The attorney filed an appeal on his behalf on March 16, 1993, more than 20 days from the effective date specified in the letter, but within 20 days of Loui's actual receipt of the letter. On March 17, 1993, the Administrative Judge (AJ) issued an order requiring Loui to show cause why his appeal should not be dismissed as untimely. See 5 C.F.R. §§ 1201.12, 1201.22(c) (1993).

In response, Loui argued that the agency impermissibly shortened his 20–day time period to file an appeal in violation of 5 C.F.R. § 752.404(f), which requires the agency to "deliver the notice of decision ... at or before the time the action will be effective." See 5 C.F.R. § 752.404(f) (1993). Loui stated that both he and his attorney believed in good faith that the date from which they should calculate the time for filing an appeal would be determined by the date of Loui's actual receipt of the letter. Loui asserted that his good faith belief was supported by

the following considerations: the letter was sent by certified mail with a return receipt intended to show the actual date of receipt, it contained a place for him to acknowledge the date of actual receipt, no other notice of the agency's action was received by him or his attorney, no notice was provided to his attorney despite the agency's knowledge that he was represented, and the board's appeal form requested the date of the appellant's actual receipt of the decision letter. The agency did not respond to Loui's assertions respecting the timeliness of his appeal.

The AJ held that, although the agency failed to comply with section 752.404(f), Loui did not file his appeal within the regulatory time limit set by section 1201.22(b), and the burden remained on him to show that he exercised due diligence or ordinary prudence under the particular circumstances in order to excuse his untimely filing. Noting that the decision letter "clearly notified [Loui] of the time limit" and did not state that the actual date of receipt was relevant to the calculation of the deadline, the AJ held that Loui submitted "no valid explanation for the filing delay." She stated that, since Loui's attorney represented him at the agency level, he was familiar with the matter prior to receiving the decision letter. She also opined that the appeal was "brief in nature and [did] not appear that it took a great deal to time to obtain the information contained therein." The AJ found "[m]ost surprising[ ]" that Loui and his attorney "apparently did nothing to determine whether the filing deadline could be changed or whether there was any validity to their 'understanding' that the receipt date was controlling; they simply sat back and filed the appeal five days beyond the regulatory filing period with no explanation as to why they needed more time." The AJ suggested that Loui should have "call[ed] the agency to request an extension of the effective date, call[ed] the board to inquire as to what should be done, or file[d] an appeal with a motion for permission to supplement the appeal." The AJ summarized Loui's response to the removal notice as "total inaction," and dismissed the appeal as untimely.

Loui filed a petition for review with the board, asserting that the AJ's decision was not in accordance with law and was based on an erroneous interpretation of the regulations. The AJ's decision became the final decision of the board when it denied the petition for review on August 4, 1993. *See* 5 C.F.R. 1201.113(b) (1993). Loui now petitions this court pursuant to 28 U.S.C. § 1295(a)(9) (1988). Our standard of review provides that we must "hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence...." 5 U.S.C. § 7703 (1988).

## DISCUSSION

■ Loui contends that the board's dismissal of his appeal must be set aside as not in accordance with law because his appeal was in fact timely. Specifically, Loui argues that the agency's failure to provide him with notice of his removal on or before its effective date in violation of section 752.404(f) tolled the running of the time period for filing an appeal under section 1201.22(b) until the date that notice was delivered to him. Thus, Loui asserts that his appeal, filed within 20 days of the date notice was received, was timely. The government concedes that the agency failed to comply with section 752.-404(f), but argues that this failure did not effect the running of the time period for appeal under section 1201.22(b) and constituted harmless error. We agree with Loui.

The Administrative Personnel Regulations set forth procedures by which a federal employee may appeal an agency action to the board. One such regulation requires that an appeal be filed "during the period beginning on the day after the effective date of the action being appealed and ending 20 days after the effective date." 5 C.F.R. § 1201.-22(b) (1993). It is the Board's policy that section 1201.22(b) be applied in a manner that expedites the processing of its cases, but with due regard to the rights of the parties before it. 5 C.F.R. § 1201.11 (1993).

The regulations also specify procedures an agency must follow when it removes an employee. Section 752.404(f) explicitly requires an agency to "deliver the notice of decision to the employee *at or before* the time the action will be effective, and advise the employee of appeal rights." 5 C.F.R. § 752.404(f) (1993) (emphasis added). An obvious purpose of section 752.404(f) is to ensure that an employee can take full advantage of the period of time allowed under the regulations in order to file an appeal once he or she learns of the basis for an agency's decision and of the right to appeal that decision. Therefore, any stated effective date in a written notice that is prior to the date of delivery of that notice conflicts with the regulations and is consequently a nullity.

This case thus involves the interplay between the two regulations. Since they relate to the same subject matter, they must be construed to be consistent with each other if at all possible. *Cf. Ambassador Div. of Florsheim Shoe v. United States,* 748 F.2d 1560, 1565 (Fed.Cir.1984) (legislative intent to have provisions enacted *in para materia* to work harmoniously together); *Amendola v. Secretary, Dept. of Health and Human Servs.,* 989 F.2d 1180, 1182 (Fed.Cir.1993) (parts of a statute *in para materia* must be construed together).

The agency's action in attempting to enforce an effective date before delivery of notice not only violated section 752.404(f), it also deprived the employee of part of the appeal time provided for in section 1201.-22(b). Eight days out of the 20–day time period, or forty percent of Loui's appeal time, had expired by the time notice of Loui's removal was delivered to him. Such a result does not reconcile and give full force to both regulations.

We have recognized in regard to the timeliness of appeals to the board that "[t]he critical element ... is that the employee acted promptly and within the allowable time limits once he was aware of the basis of his claim." *Yuni v. Merit Sys. Protection Bd.,* 784 F.2d 381, 385 (Fed.Cir.1986); *see also Casey v. Merit Sys. Protection Bd.,* 748 F.2d 685, 686 (Fed.Cir.1984) ("Due diligence on the employee's part once the employee learns of his adverse protection rights is the con-

trolling factor."). Accordingly, we have held that the limitations period for filing an appeal to the board is tolled until an agency informs the employee of his or her appeal rights. *Casey,* 748 F.2d at 686.˙ Similarly, in order to give meaning and effect to both sections 752.404(f) and 1201.22(b), we hold that for purposes of determining when the 20–day time period for appeal begins in cases in which the stated effective date in a removal notice is earlier than the date of delivery of the removal notice, the date of delivery must be considered to be the "effective date."[1] Loui thus met the 20–day requirement here by appealing within 20 days of delivery of the notice.

▪ Contrary to the government's assertion, the agency's late notice obviously was not "harmless error." Loui, while filing his appeal within 20 days of receiving notice, was found to have lost his right of appeal. Ironically, it is the Postal Service's untimely delivered certified mail letter that underscores the importance of section 752.404(f). That regulation requires delivery before the 20–day appeal period begins, clearly recognizing that a short period of time can be greatly diminished by the vicissitudes of the. mail, even that sent and delivered by the Postal Service itself. It is irrelevant that Loui might not have needed the full 20 days, as indicated by the AJ, or that he could have contacted the agency concerning the appeal requirements. The regulations in their entirety gave Loui 20 days from the date of delivery of notice and he was entitled to the full amount. Section 752.404(f) cannot be interpreted in such a way as to deprive an employee of part of the time for appeal provided for by section 1201.22(b).

### CONCLUSION

The decision of the board is reversed on the ground that it is not in accordance with law and the case is remanded for further proceedings.

*REVERSED AND REMANDED.*

---

1. During oral argument, the government conceded that "deliver[y] ... to the employee" means "receipt by the employee" for the purposes of section 752.404(f).