41 F.3d 1521
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Marie J. SMITH, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3133.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1994.
 
 Before ARCHER, Chief Judge, NEWMAN and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Marie J. Smith (Smith) appeals from a decision of the Merit Systems Protection Board (MSPB or board), Docket No. DE-0752-93-0463-I-1, dismissing as untimely filed Smith's appeal of her removal from the Department of Veterans Affairs (agency).[1] We affirm.
 
 DISCUSSION
 
 2
 We have jurisdiction to review a decision of the board to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). A petitioner has the burden of showing that his or her appeal was filed no later than twenty days after the effective date of the action appealed, 5 C.F.R. Secs. 1201.22(b), .56(a)(2) (1992), or that good cause for the delay and diligence in filing the appeal can be shown, id. Secs. 1201.12, .22(c) (1992). A decision to waive the filing deadline is within the board's discretion and this court will not substitute its judgement for that of the board. Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed.Cir.1993); Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc).
 
 
 3
 Although Smith's termination was effective January 26, 1990, she did not appeal to the MSPB until July 16, 1993. To establish board jurisdiction, she relies on the agency's failure to notify her of her appeal rights in its January 19, 1990 notice of termination, and on the fact that she had a suit against the agency pending in the federal courts from May 1990 until January 1994.
 
 
 4
 The Government correctly acknowledges that the deadline for Smith's filing an appeal with the MSPB was tolled until the agency informed her of her appeal rights. See Loui v. Merit Systems Protection Board, 25 F.3d 1011, 1014 (Fed.Cir.1994). It points out, however, that the agency informed Smith of her appeal rights by letter of July 19, 1990, almost three years before Smith filed her appeal. On July 30, 1990, Smith's attorney sent the Assistant United States Attorney a letter informing him that Smith was not going through the MSPB appeal process. Further, when the U.S. district court dismissed Smith's suit against the agency without prejudice to permit her to exhaust her administrative remedies, Smith did not appeal to the MSPB but instead filed an amended complaint in the district court. Thus, Smith did not appeal to the MSPB until long after she was informed of and aware of her right to do so.
 
 
 5
 As for Smith's reliance on the pending litigation, we cannot say that the MSPB abused its discretion in finding that Smith's decision to try to challenge her termination in the district court does not establish good cause for the late filing of her appeal. See Massingale v. Merit System Protection Board, 748 F.2d 1521, 1522-23 (Fed.Cir.1984) (petitioner's decision to use union grievance and arbitration procedure, rather than appeal to the board, did not establish good cause for late filing). Here, the district court dismissed Smith's complaint without prejudice to allow her to pursue administrative remedies. If Smith filed the amended complaint because she was concerned with losing her right to file suit in the district court, this did not prevent her from timely filing a protective appeal with the MSPB and requesting a stay of one of the proceedings.
 
 
 6
 The board fully considered the reasons Smith now relies on for her late filing, and it did not abuse its discretion in dismissing the appeal as untimely. Accordingly, the decision of the board is affirmed.
 
 
 
 [1]
 The September 20, 1993 initial decision of the administrative judge became the final decision of the MSPB on December 16, 1993, when the MSPB denied Smith's petition for review