**Kenneth J. St. GERMAIN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

No. 03–3251.

United States Court of Appeals,
Federal Circuit.

DECISION: Dec. 8, 2003.

Before LOURIE, DYK, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

Kenneth St. Germain appeals from the Merit Systems Protection Board's affirmance of the Office of Personnel Management's ("OPM's") reconsideration decision that his former spouse, Cheryl St. Germain, intervenor in this case, is entitled to the maximum survivor benefit. *St. Germain v. Office of Pers. Mgmt.*, No. AT-0831-03-0072-I-1 (M.S.P.B. Feb. 11, 2003) (*"Initial Decision"*). Because the Board did not err in affirming the OPM's decision, we *affirm.*

## BACKGROUND

Kenneth and Cheryl St. Germain were divorced on June 26, 1996. A Tennessee state court issued a Qualifying Retirement Benefits Court Order ("QRBCO") that governed the disposition of Kenneth St. Germain's retirement benefits. That order stated that Cheryl St. Germain was to receive thirty percent of Kenneth St. Germain's retirement benefits if he retired at age fifty-seven, and it set forth a formula for calculating a reduced percentage of retirement benefits if he retired past fifty-seven. Furthermore, the QRBCO stated that Cheryl St. Germain elected to have the survivor annuity, for which she alone would bear the cost. Subsequently, Kenneth St. Germain remarried on February 17, 2001. On August 13, 2001, he filed an Application for Immediate Retirement, electing to receive a reduced annuity with maximum survivor annuity (equal to fifty-five percent of his retirement annuity), and he retired at age fifty-seven on August 31, 2001.

On December 14, 2001, the OPM notified Kenneth St. Germain that it would pay a survivor annuity to his former spouse upon his death, consistent with the terms of the QRBCO. Kenneth St. Germain replied to the OPM on February 25, 2002, contesting the potential award of the full survivor annuity to his former spouse. Nevertheless, the OPM determined that Cheryl St. Germain was entitled to the entire survivor annuity. Kenneth St. Germain then appealed to the Board, but an Administrative Judge ("AJ") denied his claim. He petitioned for review by the entire Board, and the Board denied that petition on June 27, 2003, making the initial decision of the AJ final. *See Loui v. Merit Sys. Prot. Bd.*, 25 F.3d 1011, 1013 (Fed.Cir.1994); 5 C.F.R. § 1201.113(b). Kenneth St. Germain timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision un-

less it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *see Briggs v. Merit Sys. Prot. Bd.,* 331 F.3d 1307, 1311 (Fed.Cir. 2003).

On appeal, Kenneth St. Germain argues that the percentage apportionment of "retirement benefits," as detailed in the QRBCO, should be applied to the survivor annuity option as well as the basic retirement annuity. Consequently, he claims, his former spouse is entitled to only thirty percent of the survivor annuity, just as she is entitled to only thirty percent of his basic retirement annuity. He bases that argument on his interpretation of the QRBCO, particularly paragraphs four and five, that the term "retirement benefits" denotes both the basic retirement annuity and the survivor annuity.

The Code of Federal Regulations generally describes the manner in which a court order must refer to employee annuities:

> (a) A court order directed at employee annuity is not a court order acceptable for processing unless it expressly divides the employee annuity as provided in paragraph (b) of this section.
>
> (b) To expressly divide employee annuity as required in paragraph (a) of this section the court order must—
>
> . . . . .
>
> (2) Expressly state that the former spouse is entitled to a portion of the employee annuity using terms that are sufficient to identify the employee annuity as explained in § 838.612.

5 C.F.R. § 838.303 (2003).

Furthermore, the regulations propose various terms suitable for use in court orders to reference the basic retirement annuity:

> (a) A court order using "annuities," "pensions," "retirement benefits," or similar terms satisfies the requirements of §§ 838.303(b)(2) and 838.502(b)(2) and may be used to divide an employee annuity . . . .

*Id.* § 838.612.

On the other hand, the regulations require a greater degree of specificity when referring to an award of a former spouse survivor annuity:

> (a) To satisfy the requirements of § 838.804(b)(2), a court order must specify that it is awarding a former spouse survivor annuity. The court order must contain language such as "survivor annuity," "death benefits," "former spouse survivor annuity under 5 U.S.C. 8341(h)(1)," etc.

*Id.* § 838.912.

Kenneth St. Germain claims that the QRBCO in his case allows his former spouse only a thirty-percent share of the survivor annuity. We disagree. Paragraph four of the QRBCO unequivocally states that Cheryl St. Germain "elect[ed] to have the survivor's annuity, but this annuity and its cost shall be solely at the expense of [Cheryl St. Germain]." The court order specifically refers to the survivor annuity in terms prescribed by the regulations and grants the former spouse the entire survivor annuity. The record further shows that Cheryl St. Germain has paid for the full survivor benefit for all time periods following Kenneth St. Germain's retirement.

Moreover, Kenneth St. Germain cannot avail himself of any ambiguity in other portions of the QRBCO. He asserts that paragraphs one and three refer generally to "retirement benefits," meaning both the basic retirement annuity and the survivor

annuity. He then attempts to impart that generic meaning to the percentage distribution in paragraph four. Nevertheless, the regulations plainly state that any treatment of the survivor annuity must specifically identify it as the subject. Because the percentage division in paragraph four refers only to "retirement benefits" and lacks specific language referring to the survivor annuity, his assertion must fail.

Additionally, Kenneth St. Germain interprets paragraph five of the QRBCO out of context. The last sentence of that paragraph states that "[r]egardless of the percentage Wife is to receive, the expense of the survivor's annuity shall be borne solely by the Wife." All that sentence deals with is the expense of the survivor annuity; it does not nullify the provision of paragraph four awarding Cheryl St. Germain the full survivor annuity. The Board thus correctly decided that the final sentence of paragraph five only indicates that Cheryl St. Germain must maintain payments on the survivor annuity, irrespective of the percentage she receives from that basic retirement annuity.

We therefore conclude that the Board properly determined that Kenneth St. Germain's former spouse is entitled to the full survivor annuity, as stipulated by the QRBCO. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.