NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3117

CORNELIUS B. MURRY,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  April 6, 2005

_____

Before NEWMAN, LOURIE, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Cornelius B. Murry petitions for review of the decision of the Merit Systems Protection Board affirming his removal from his position as a tractor-trailer driver for the United States Postal Service ("USPS" or "agency").  Murry v. U.S. Postal Serv., No. CH-0752-02-0353-I-1 (M.S.P.B. Oct. 31, 2002) ("Decision").  We affirm.

## BACKGROUND

Mr. Murry was employed as a tractor-trailer operator at the USPS in St. Louis, Missouri.  In December 2001, Michael Hagan, a USPS supervisor who investigated Murry's work performance, informed Murry that his removal was being proposed on the

basis of two charges: (1) deviation from his work assignment, and (2) failure to perform his duty in a satisfactory manner. Decision, slip op. at 2. Under the first charge, Hagan stated that he had seen Murry operating his tractor, an agency vehicle, off his assigned route on personal business during lunchtime without authorization on December 14, 2001. Id., slip op. at 4-7. Relating to the second charge, Hagan stated that on December 19, 2001, Murry was untimely for a work assignment, did not deliver a pouch of registered mail in accordance with USPS policy, and failed to clock out after his shift. Id., slip op. at 7-8. In addition to his own personal observations, Hagan relied on the statements and observations of various USPS employees, including other tractor-trailer operators and Leland Stamm, Transportation Operations Supervisor. The agency deciding official, George Nicholson, ultimately sustained the charges outlined by Hagan, and the USPS removed Murry from his position, effective February 2002.

Murry appealed to the Board in March 2002, and the Administrative Judge ("AJ") to whom the case was assigned conducted a hearing in June 2002. Murry argued that he had a car accident involving his personal vehicle on December 14, 2001, during his lunch break and that he had not used his tractor for personal business. Murry also claimed that he had not been properly trained on the handling of registered mail and that he did in fact clock out after completing his December 19, 2001 shift. The AJ heard testimony from several witnesses, including Hagan, Stamm, and Murry himself. Teddy Goodman, another USPS tractor-trailer operator, and Lance Murphy, a police officer in East St. Louis and a friend of Murry, also testified at the hearing.

In a lengthy and detailed opinion, the AJ determined that the agency had established the factual bases of its charges by a preponderance of the evidence. The

AJ found Murry's explanation for using his tractor during his lunch break not credible. Instead, the AJ determined that the story was apparently fabricated to conceal Murry's use of the tractor and the circumstances of the car accident because they could have led to the discovery that he had been operating the tractor on an invalid, suspended driver's license. Id., slip op. at 23-24. Furthermore, the AJ determined that Murry knew or should have known that he was violating USPS policy regarding the delivery of registered mail. Id., slip op. at 25-26. The AJ also considered the agency's evidence of Murry's past disciplinary actions in concluding that the penalty of removal was reasonable, and he affirmed the agency's action. Id., slip op. at 31-35.

Murry petitioned for review by the full Board, which denied his petition in October 2003, making the initial decision of the AJ final. See Loui v. Merit Sys. Prot. Bd., 25 F.3d 1011, 1013 (Fed. Cir. 1994); 5 C.F.R. § 1201.113(b) (2004). Murry then timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). A board decision is unsupported by substantial evidence when it lacks "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Matsushita Elec. Indus. Co. v. United States, 750

F.2d 927, 933 (Fed. Cir. 1984) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

On appeal, Murry argues at length that the AJ should have credited his testimony and Murphy's testimony over that of other witnesses, in particular Hagan and Goodman. We disagree. We have stated previously that the evaluation of witness credibility is a matter within the discretion of the AJ and is "virtually unreviewable." King v. Dep't of Health & Human Servs., 133 F.3d 1450, 1453 (Fed. Cir. 1998) (quoting Clark v. Dep't of the Army, 997 F.2d 1466, 1473 (Fed. Cir. 1993)). Here, the AJ discussed the testimony of all witnesses in great detail. On the one hand, he found the testimony of Hagan and Goodman to be credible and consistent; on the other hand, he found that Murry's testimony during the hearing was "vague, implausible, and inconsistent," noting that it sometimes conflicted with the statements that Murry made at a prior deposition. Decision, slip op. at 14, 23. The AJ's credibility determinations do not amount to an abuse of discretion, and we decline to disturb them on appeal.

Murry also challenges the reasonableness of the penalty of removal, arguing that it was too severe an action relative to what other USPS employees received for similar misconduct. We have held that the "[d]etermination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency." Hunt v. Dep't of Health & Human Servs., 758 F.2d 608, 611 (Fed. Cir. 1985). Here, the government points out that the individuals that Murry argues were given preferential treatment did in fact receive removal notices for their misconduct. Murry has not shown that the agency imposed a penalty that is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Villela v.

<u>Dep't of the Air Force</u>, 727 F.2d 1574, 1576 (Fed. Cir. 1984) (quoting <u>Power v. United States</u>, 531 F.2d 505, 507 (Ct. Cl. 1976)).

Finally, Murry asserts that the AJ focused too narrowly on only some of the factors set forth in <u>Douglas v. Veterans Administration</u>, 5 M.S.P.R. 280, 305-06 (1981). On the contrary, we determine that the AJ examined the totality of the circumstances, including, for example, Murry's past disciplinary record and the nature and seriousness of the misconduct. We discern no error in the AJ's thorough analysis.

We have considered Murry's remaining arguments and find them unpersuasive.

CONCLUSION

We conclude that the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Accordingly, we affirm the decision of the Board.