NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3468

OSCAR R. WINN,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED: May 9, 2005

_____

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

## DECISION

Oscar R. Winn petitions for review of the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. Winn v. Dep't of Homeland Sec., No. DA-0752-03-0018-I-1 (M.S.P.B. July 15, 2004). We affirm.

## BACKGROUND

Mr. Winn was hired in October 2000 by the Department of Agriculture as an agricultural technician at the GS-5 level. In May 2002, Winn applied for a GS-7 position as a Plant Protection and Quarantine Officer in the Department of Homeland Security,

to which a section of the Department of Agriculture had transitioned. That position required that Winn undergo a one-year probationary period, achieve a minimum grade of eighty percent in the agency's new officer training program, and demonstrate satisfactory performance and conduct during the probationary period.

Winn was accepted for the officer position and, at the conclusion of his probationary period, was promoted to the GS-7 level. However, he was unable to attend his training class until after the probationary period had already ended. Ultimately, Winn was unable to achieve a passing grade of eighty percent at officer training, and, as a result, the agency notified him that he could either resign or be fired. On November 3, 2003, Winn resigned from the agency. On November 14, 2003, he changed his mind and requested that his resignation be withdrawn. The agency denied that request.

On November 25, 2003, Winn appealed to the Board, arguing that his resignation was involuntary because he had been coerced into resigning. In January 2004, the Administrative Judge ("AJ") issued an initial decision. Winn v. Dep't of Homeland Sec., No. DA-0752-04-0130-I-1, slip op. at 5, 8 (M.S.P.B. Jan. 21, 2004). The AJ noted Winn's acknowledgement that the agency was firing him "because I failed the course and . . . I could not remain in the officer job." Id., slip op. at 7. The AJ concluded that Winn had failed to present nonfrivolous allegations of fact that, even if proven, would establish that his resignation was involuntary, and she dismissed the case for lack of jurisdiction. Id., slip op. at 8.

Winn filed a petition for review by the full Board, which was denied, making the initial decision of the AJ final. See Loui v. Merit Sys. Prot. Bd., 25 F.3d 1011, 1013

(Fed. Cir. 1994); 5 C.F.R. § 1201.113(b) (2004). Winn timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Winn argues that he presented nonfrivolous allegations of fact that his retirement was involuntary so that the Board did have jurisdiction. He asserts that the agency coerced him into resigning and that he should have been returned to his former position. The government responds that Winn clearly did not satisfy the requirements of the officer position because he had failed the training class, an undisputed fact. The government maintains that Winn had ample time to decide whether to resign and that resignation was not his only option.

We agree with the government that the Board correctly dismissed Winn's appeal for lack of jurisdiction. Our case law establishes that a decision to resign or retire is presumed to be voluntary, and an employee who retires voluntarily has no right to appeal to the Board. Staats v. United States Postal Serv., 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). The Board has jurisdiction over an appeal only if the employee can demonstrate that his resignation was involuntary. Id. at 1124. We have stated that "[i]n order to establish involuntariness on the basis of coercion, an employee must show that

04-3468                                    3

the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency." Id.

Here, Winn failed to satisfy his burden to establish that his resignation was involuntary. The agency's proposed removal action was seemingly justified because, as Winn conceded, he failed the training class, a requirement of the officer position. There is no indication in the record that Winn was forced to make an immediate decision whether to resign. Indeed, Winn does not even allege that he was required to make a decision by any specific deadline, and there were no impending removal proceedings by the agency that pressured Winn to resign. He could have declined to resign and challenged any subsequent dismissal. The uncontested facts thus indicate that Winn's decision to resign was made with ample time and by his own choosing. Also, Winn's argument that the agency should have returned him to his former position due to a purported agency policy is not supported by the record. He has not alleged that any particular agency regulation requires the rehiring of employees who fail training for a subsequent position.

We have considered Winn's remaining arguments and find them unpersuasive.

CONCLUSION

We conclude that the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Accordingly, we affirm the decision of the Board.