NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3347

PATRICIA A. CAMPO,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED: June 7, 2005

_____

Before MAYER, LOURIE, and BRYSON, Circuit Judges.

PER CURIAM.

## DECISION

Patricia A. Campo petitions for review of the decision of the Merit Systems Protection Board dismissing her individual-right-of-action ("IRA") appeal for lack of jurisdiction. Campo v. Dep't of the Army, No. DA-1221-01-0616-B-1 (M.S.P.B. May 23, 2003) ("2003 Initial Decision"). We affirm.

## BACKGROUND

Ms. Campo is a civil engineer in the Army Corps of Engineers, New Orleans District. Between March 2000 and March 2001, she repeatedly raised allegations of fraud against a fellow employee and two supervisors to the agency's Inspector General,

both to the Office of Special Counsel ("OSC") and to her own supervisor. Campo's complaints were considered, but consistently dismissed as unsubstantiated. Ultimately, in April 2001, her several unsupported complaints drew a "Memorandum of Warning" from the agency that addressed her "lack of professionalism and disruptive behavior." She was given a management referral to the Employee Assistance Program ("EAP"), but she declined to participate in that program.

In July 2001, Campo filed an IRA appeal, alleging that she had suffered various reprisals for whistleblowing activities, including a negative performance appraisal, pressure from her supervisor to undergo psychiatric counseling, reassignment of grade-sensitive duties and assignment of duties below her grade level, and a letter of warning. Campo v. Dep't of the Army, No. DA-1221-01-0616-W-1, slip op. at 2 (M.S.P.B. Sept. 28, 2001). The Administrative Judge ("AJ") found that the letter of warning did not constitute a "personnel action" as defined in 5 U.S.C. § 2302(a)(2)(A) so that it was not a basis for an IRA appeal. Furthermore, the AJ found that Campo failed to raise the other allegations before the OSC and thus had not exhausted her administrative remedies. Id., slip op. at 2-3.

Campo timely filed a petition for review of the AJ's initial decision. The Board affirmed the dismissal of her claims of a negative performance appraisal and reassignment of duties because they were not raised before the OSC. However, the Board remanded for consideration of the remaining allegations because the letter of warning contained a threat of corrective action and because Campo asserted that she had administratively exhausted her claim concerning the issue of the psychiatric

evaluation through a completed OSC-11 form. Campo v. Dep't of the Army, No. DA-1221-01-0616-W-1 (M.S.P.B. Sept. 4, 2002).

Upon remand, the AJ found that the claim concerning the allegedly retaliatory letter of warning was moot because it had now been rescinded by the agency and all copies had been destroyed. She further determined that Campo was not ordered to attend a psychiatric evaluation. Accordingly, the AJ decided that there was no personnel action at issue, and she dismissed the appeal for lack of jurisdiction. 2003 Initial Decision, slip op. at 2-3. Campo filed a petition for review by the full Board, which was denied, and the initial decision of the AJ was thus made final. See Loui v. Merit Sys. Prot. Bd., 25 F.3d 1011, 1013 (Fed. Cir. 1994); 5 C.F.R. § 1201.113(b) (2004). Campo timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board has jurisdiction over a whistleblower IRA if the appellant makes non-frivolous allegations that: (1) she made a protected disclosure; and (2) based on the disclosure, the agency took or failed to take a personnel action as defined by 5 U.S.C. § 2302(a). Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

On appeal, Campo argues that the AJ erred in finding that the letter of warning issue was moot. Campo also argues that the AJ committed legal and factual error in determining that the invitation to seek psychiatric counseling was not a threat and was merely a referral. The government responds that the agency's withdrawal of the letter of warning was sufficient to render the issue moot. It also argues that the Board did not determine that the referral to counseling constituted a disciplinary action, but only that Campo had shown that she had properly exhausted her remedies on that matter at the OSC.

We agree with the government that the Board properly dismissed Campo's appeal for lack of jurisdiction. First, the agency's rescission of the letter of warning has the effect of correcting the action about which Campo complained. The complete rescission of Campo's letter restores both the agency and Campo to the status quo ante. We also agree with the government that it is not clear, nor has Campo identified, what type of additional corrective action would have been feasible or appropriate.

Second, the recommended psychiatric examination was not a personnel action. Under 5 U.S.C. § 2302(a)(2)(A)(x), "a decision to order psychiatric testing or examination" is included under "personnel action." Here, however, there was no explicit or implicit order. Moreover, contrary to Campo's claim, the AJ found that there was no threat to order psychiatric testing or examination. Rather, the AJ found that the agency "simply made a referral. The referral was no more than an offer . . . ." 2003 Initial Decision, slip op. at 3. Campo chose to decline the offer, and there were no repercussions from her voluntary decision. Id. The AJ's factual determination that the

psychiatric evaluation was not mandatory was thus supported by substantial evidence, and we discern no reason to overturn that finding.

## CONCLUSION

We conclude that the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Accordingly, we affirm the decision of the Board.