**Ismael R. DIAZ, Petitioner,**

v.

**DEPARTMENT OF the AIR FORCE, Respondent.**

**No. 95–3149.**

United States Court of Appeals, Federal Circuit.

Aug. 21, 1995.

Rehearing Denied; Suggestion for Rehearing In Banc Declined Oct. 17, 1995.

---

Shelby W. Hollin, San Antonio, TX, argued, for petitioner.

Todd M. Hughes, Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued, for respondent. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Jeanne E. Davidson, Asst. Director.

Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.

CLEVENGER, Circuit Judge.

Ismael R. Diaz seeks review of a decision of the Merit Systems Protection Board (Board), Docket No. DA0432940286–I–1, in which the Board affirmed the Department of the Air Force's decision to remove Diaz from government service for unacceptable performance. We affirm.

I

Before his removal, Diaz was a GS–13 Chemist in the Directorate of Aerospace Fuels Management at Kelly Air Force Base, Texas. On January 28, 1993, the Air Force put Diaz on a performance improvement plan and notified him that his performance in one of his critical elements was unacceptable. On April 16, 1993, the Air Force gave Diaz another notice that his performance was unacceptable and initiated a second performance improvement period. This notice also stated that Diaz's performance was deficient in another critical element. On October 26, 1993, Diaz was given a notice of proposed removal, and on February 2, 1994, the agency issued a final decision removing Diaz, effective February 11, 1994. Diaz appealed to the Board.

In an initial decision, the administrative judge (AJ) affirmed the Air Force's decision to remove Diaz. The AJ found that Diaz was given proper notice that his performance was unacceptable and was given ample opportunity to improve performance. The AJ then found that there was substantial evidence to support the agency's charge that Diaz's performance under the two critical elements was unacceptable. The AJ rejected Diaz's argument that his removal should be reversed because the time period between the notice of proposed removal and his actual removal was too long. The AJ acknowledged that, under 5 U.S.C. § 4303(c)(1) (1994), a decision regarding a proposed removal "shall be made within 30 days after the expiration of the notice period," but stated that Diaz's allegation of a procedural error was an affirmative defense analyzed under the harmful error analysis. The AJ found that Diaz did not allege any evidence to support his allegation that the error was harmful, and therefore the AJ concluded that the error could not be cause for reversal.

The initial decision became the final decision of the Board after the full Board denied Diaz's petition for review. Diaz then sought review in this court.

II

A decision of the Board must be affirmed unless we find it to be arbitrary, capricious,

an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Holland v. Department of Air Force,* 31 F.3d 1118, 1120 (Fed.Cir.1994).

■ Diaz argues that his removal was invalid because the Air Force's decision removing Diaz was issued more than 30 days after Diaz's notice period expired. Under 5 U.S.C. § 4303(c)(1), the decision to remove an employee "shall be made within 30 days after the date of expiration of the notice period." It is undisputed that Diaz was given notice of his proposed removal on October 26, 1993, triggering a notice period that expired on or around November 25, 1993. Additionally, it is undisputed that the agency's decision regarding the proposed removal was issued on February 2, 1994—well over 30 days after the expiration of the notice period. Therefore, according to Diaz, his removal was achieved by erroneous procedures and should thus be reversed.

■ We must reject Diaz's argument. An agency's violation of a statutory procedural requirement does not necessarily invalidate the agency action, especially where Congress has not expressed any consequences for such a procedural violation. *See Brock v. Pierce County,* 476 U.S. 253, 259–60, 106 S.Ct. 1834, 1838–39, 90 L.Ed.2d 248 (1986); *see also Kemira Fibres Oy v. United States,* 61 F.3d 866, 873–75 (Fed.Cir.1995). In the present case, the Board concluded that the failure to remove Diaz within the statutory period was a procedural error subject to harmful error analysis. The Board further found that Diaz failed to meet his burden of proving that he was harmed by the procedural error. We cannot find error in the Board's conclusions.

Under 5 U.S.C. § 7701(c)(2)(A) (1994), a decision of an agency must be reversed if the employee "shows harmful error in the application of the agency's procedures in arriving at such decision." In analyzing this statutory language, we have previously held that an employee challenging an agency action has the burden to prove that a violation of a statutory procedure was harmful. *Handy v.*

*United States Postal Serv.,* 754 F.2d 335, 338 (Fed.Cir.1985) ("It is insufficient simply to show that a statutory procedure was not followed at the agency level. Harmful error must be shown.").

The situation in the present case is analogous to that in the *Handy* case. In *Handy,* the petitioner argued that his statutory right, under 5 U.S.C. § 7513(b)(2), to make an oral reply to a proposed removal had been denied and thus his removal was not "in accordance with the law." We held that, since the petitioner made no effort to show that the procedural error affected the agency's decision, there was no basis for reversing the agency's decision. *Handy,* 754 F.2d at 337–38. In the present appeal, Diaz simply argues that his removal should be reversed because of the agency's failure to abide by the statutory time limit in 5 U.S.C. § 4303(c)(1). He did not argue or submit any evidence that showed that the agency's procedural violation affected the outcome of the agency's decision or was in any way harmful. Therefore, the Board properly declined to reverse the agency's decision to remove Diaz.

■ Diaz argues that the harmful error analysis in *Handy* does not apply in his situation because *Handy* involved a removal under 5 U.S.C., Chapter 75, whereas Diaz was removed under 5 U.S.C., Chapter 43. We must reject this argument. The statute pertaining to employee appeals of adverse actions to the Board, 5 U.S.C. § 7701 (1994), does not distinguish between removal actions under Chapter 75 and removal actions under Chapter 43. We see no reason to apply the harmful error rule of 5 U.S.C. § 7701(c)(2)(A) to Chapter 75 removals and not to Chapter 43 removals. *See Martin v. Federal Aviation Admin.,* 795 F.2d 995, 999 (Fed.Cir.1986) (applying the harmful error rule discussed in *Handy* to a Chapter 43 proceeding).

Diaz also argues that the Air Force did not adequately communicate the performance standards for his employment position and that the Air Force generally committed prohibited personnel practices. After carefully

examining these arguments, we conclude that they are without merit.

Because the Board's decision is in accordance with the law and is supported by substantial evidence, that decision must be sustained.

No costs.

*AFFIRMED.*