78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James V. MALONEY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3791.
 United States Court of Appeals, Federal Circuit.
 Feb. 9, 1996.
 
 Before PLAGER, Circuit Judge, SMITH, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 SMITH, Senior Circuit Judge.
 
 
 1
 James V. Maloney petitions for review of the final decision of the Merit Systems Protection Board (Board), Docket No. CH-831E-95-0726-I-1, which affirms the Office of Personnel Management's (OPM) dismissing as untimely Mr. Maloney's request for reconsideration of OPM's decision that he does not meet the qualifications for disability retirement benefits. We affirm.
 
 Facts
 
 2
 On September 27, 1994, OPM determined that Mr. Maloney did not qualify for disability retirement benefits. On December 8, over two months later, OPM received Mr. Maloney's request for reconsideration which OPM dismissed because it was untimely filed. Mr. Maloney appealed this dismissal to the Board which issued an initial decision affirming OPM's denying reconsideration because there was no basis for waiving the regulatory time limit for requesting reconsideration. The Board denied Mr. Maloney's petition for review of its initial decision. It is the decision of the Board that Mr. Maloney appeals and which is the subject of our review.[1]
 
 Standard of Review
 
 3
 This court reviews a Board decision under a narrow standard, and we must affirm the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without following procedures required by law, rule or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). We review factual determinations under the "substantial evidence" standard which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jackson v. Veterans Admin., 768 F.2d 1325, 1329 (Fed.Cir.1985) (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Mr. Maloney bears the burden of establishing any deficiencies in the Board's decision. Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed.Cir.1993) (citing Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987)).
 
 Untimely Request for Reconsideration
 
 4
 OPM's regulations require a request for reconsideration to be filed within 30 calendar days from the date of the original OPM decision. 5 C.F.R. § 831.109(e)(1) (Time limits on reconsideration). In this case, OPM issued its initial decision on September 27, 1994. However, Mr. Maloney did not file his request for reconsideration until December 8, 1994, over two months later. The regulations give OPM the discretion to waive this time limit under two conditions: if the individual (1) "was not notified of the time limit and was not otherwise aware of it" or (2) "was prevented by circumstances beyond his/her control from making the request within the time limit." 5 C.F.R. § 831.109(e)(2).[2]
 
 
 5
 Regarding the first condition, the Board considered evidence that OPM's initial decision included a "RECONSIDERATION RIGHT" provision that states in pertinent part,
 
 
 6
 If you wish to dispute our findings, you may request reconsideration. Please note that if you request reconsideration, your request must be received by OPM within 30 days of the date of this letter.... If you intend to submit additional evidence but it is unavailable to be sent with your request for reconsideration, do not delay your request.... If your request for reconsideration is received by OPM after the 30 days [sic] time limit, we will dismiss your request as not timely filed unless you can show you were prevented from responding by circumstances beyond your control.
 
 
 7
 OPM Initial Decision at 3 (emphasis in original). Further, the "RECOMMENDED ADDITIONAL DOCUMENTATION" provision concluded by stating, "Remember, do not delay your request for reconsideration while obtaining additional documentation." OPM Initial Decision at 4 (emphasis in original). Therefore, there was substantial evidence to support the Board's finding that "OPM's ... initial notice clearly notified [Mr. Maloney] of the time limit for requesting reconsideration." Board's Initial Decision at 2.
 
 
 8
 Regarding the second condition for waiving the filing time limit, Mr. Maloney must meet his burden of demonstrating two things: "first, that [he] was prevented by circumstances beyond [his] control from making a timely request for reconsideration, and second, that, on the facts presented to it, OPM abused its discretion in not extending the time limit for filing the request." Azarkhish v. Office of Personnel Management, 915 F.2d 675, 678 (Fed.Cir.1990). The Board considered Mr. Maloney's only explanation which was that he simply "overlooked" the notice provision. We conclude there is substantial evidence to support the Board's finding that Mr. Maloney's untimely request resulted from his own failure to act and not from circumstances beyond his control. Therefore, we need not consider whether OPM abused its discretion since there was no showing that Mr. Maloney met either condition for waiving the time limit. Azarkhish, 915 F.2d at 678.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Mr. Maloney appears to misunderstand which decision is the subject of this appeal. In his informal brief, Mr. Maloney only argues that he timely filed for benefits within a year from leaving federal employment. There is no dispute that Mr. Maloney timely filed his initial request for disability retirement benefits which led to OPM's initial decision that he was not qualified for benefits. However, Mr. Maloney should have then filed a timely request with OPM to reconsider its initial decision, presuming the initial decision was not rendered by the highest level of review available within OPM. 5 C.F.R. § 831.109(c). Upon reconsideration, OPM would have issued a final decision which could be appealed to the Board. 5 C.F.R. §§ 831.109(f) and 831.110. The filing time at issue on this appeal is Mr. Maloney's failure to file a timely request for reconsideration by OPM
 
 
 [2]
 In giving the standard for waiving the filing time limit, the Board mistakenly cites 5 C.F.R. § 831.1304(b)(1), relating to the collection of debts, instead of 5 C.F.R. § 831.109(e). Notwithstanding this error, the Board applied the proper standard and the erroneous citation is harmless error. See, Diaz v. Department of the Air Force, 63 F.3d 1107, 1109 (Fed.Cir.1995) (discussing harmful error in context of employee removal action); Hanratty v. Department of Transp., 819 F.2d 286, 288 (Fed.Cir.1987) (considering harmful error to be "error substantially prejudic[ing] rights by possibly affecting the agency's decision") (citing Cornelius v. Nutt, 472 U.S. 648, 661 (1985); Smith v. United States Postal Serv., 789 F.2d 1540, 1545-46 (Fed.Cir.1986)); see also, Killip v. Office of Personnel Management, 991 F.2d 1564, 1568-69 (Fed.Cir.1993) ("We may ... where appropriate, affirm the Board on grounds other than those relied upon in rendering its decision, when upholding the Board's decision does not depend upon making a determination of fact not previously made by the Board")