Donald K. ANDERSON, Petitioner,

v.

ENVIRONMENTAL PROTECTION AGENCY, Respondent.

No. 01–3264.

United States Court of Appeals, Federal Circuit.

Dec. 5, 2001.

Before MICHEL, CLEVENGER, and GAJARSA, Circuit Judges.

## DECISION

PER CURIAM.

Donald Anderson seeks review of the final decision of the Merit Systems Protection Board ("the Board") affirming the Environmental Protection Agency's ("EPA") decision to demote him from Contract Specialist GS–12, to Contract Specialist GS–11. *Anderson v. Envtl. Prot. Agency*, 2001 WL 490703 (MSPB 2001). For the reasons stated below, this court *affirms*.

Petitioner is a Contract Specialist at the EPA and a career federal employee. In May of 1998, petitioner's supervisor first indicated to him that his work performance was not fully satisfactory. When his performance ratings did not improve during two Win–Win agreements and a subsequent Performance Improvement Plan ("PIP"), Mr. Anderson was demoted from a GS–12 Contract Specialist to a GS–11 Contract Specialist.

Mr. Anderson appealed this demotion to the Merit Systems Protection Board, alleging that the demotion action was *inter alia* (1) untimely, (2) taken under a performance appraisal system that was no longer approved by the Office of Personnel Management, (3) retaliatory in response to his union activities, (4) in violation of the collective bargaining agreement and the applicable statutes and regulations, and (5) based on unreasonable expectations. The Administrative Judge ("AJ") found that the agency's performance appraisal system was approved and valid. *Anderson,* slip op. at 3 (Oct. 19, 2000). The AJ further determined that it was reasonable for the agency to leave Mr. Anderson under the old performance appraisal system rather than switch him to a new one because the agency had begun its formal attempt to raise his performance, under the "Win–Win" agreement. *Id.* at 6, 2001 WL 490703. The AJ also found that the agency had proven the validity of the performance standard and that Mr. Anderson had failed to meet its requirements. *Id.* at 7. The AJ further found that Mr. Anderson was afforded a reasonable opportunity to improve his performance before the demotion action was taken. *Id.* at 11. The AJ admitted that the demotion could have been retaliatory in response to appellant, in his capacity as a union representative, filing an Unfair Labor Practice charge against the EPA and his supervisors. *Id.* at 11–12. However, the AJ found that Mr.

Anderson did not show the existence of a genuine nexus between his protected activities and the demotion action. *Id.* at 12. The AJ also found that Mr. Anderson had not shown that he was improperly denied union representation at the meeting where the PIP was extended, because the meeting did not change the terms of the PIP. *Id.* at 14–15. Finally, the AJ found that Mr. Anderson had not proven harmful error by showing an unreasonable delay in the action against him because he failed to show that the agency would have reached a different conclusion in the absence of the error. *Id.* at 16.

Mr. Anderson petitioned the MSPB to reconsider the AJ's decision affirming the demotion. On April 26, 2001, the Board concluded that Mr. Anderson had presented no new, previously unavailable evidence, and that the AJ made no error of law or regulation that would affect the outcome of Mr. Anderson's appeal. *Anderson,* No. CH–0752–00–0622–I–1, slip op. at 1 (Apr. 26, 2001). Accordingly, the Board denied Mr. Anderson's petition for review. *Id.* at 2. Mr. Anderson now appeals to this court.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994). This court's scope of review over decisions of the Board is limited by statute. This court must affirm the decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Forest v. Merit Sys. Prot. Bd.,* 47 F.3d 409, 410 (Fed.Cir.1995).

■ We find that there was substantial evidence to support the AJ's finding that the EPA was reasonable in keeping Mr. Anderson under the old appraisal system because of his unsatisfactory performance. Furthermore, Mr. Anderson's arguments that the agency violated 5 U.S.C. § 4303(c)(1) (2000) by not issuing a final decision on his proposed removal within 30 days cannot be the basis of a reversal, because under *Diaz v. Department of Air Force,* 63 F.3d 1107, 1109 (Fed.Cir.1995), this is not harmful procedural error. Mr. Anderson challenges the applicability of *Diaz,* here, where the agency's action also failed to conform with the collective bargaining agreement. However, by choosing to litigate this matter under 5 U.S.C. § 7701 (2000) instead of contesting it under the grievance procedures, Mr. Anderson has waived the opportunity to argue that the collective bargaining agreement had been violated. See 5 U.S.C. § 7121(e)(1) (2000). Likewise, Mr. Anderson's argument that he was denied the right to a union representative is not properly within our jurisdiction. Also, even if Mr. Anderson is correct in asserting that he did not officially have a performance plan, we agree with the EPA that he was effectively notified of what was expected of him, through the Win–Win agreements. Finally, we agree with the AJ that there may be reason to suspect that this demotion is retaliatory, but we also agree that Mr. Anderson failed to establish the requisite nexus between his protected activity and his demotion.

For these reasons, the final decision of the Board is affirmed.

No costs.