NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3002, -3003

NEDRA P. FAIN,

Petitioner,

v.

DEPARTMENT OF EDUCATION,

Respondent.

_____

DECIDED: November 16, 2005
_____

Before MICHEL, <u>Chief Judge</u>, SCHALL and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Nedra P. Fain ("Fain") seeks review of the decision of the Merit Systems Protection Board ("Board"), affirming her removal by the Department of Education ("Department") from her position as an Equal Opportunity Specialist, Office of Civil Rights ("OCR"), for unacceptable performance. <u>Fain v. Dep't of Educ.</u>, No. DA-0432-03-0285-I-1 (M.S.P.B. September 25, 2003) ("<u>Initial Decision</u>"). In a separate but consolidated appeal, No. 05-3003, she also seeks review of the decision of the Board affirming the Department's denial of her within-grade salary increase. <u>Fain v.</u>

<u>Dep't of Educ.</u>, No. DA-531D-03-0286-I-1 (M.S.P.B. September 25, 2003).[1]  Because the Board correctly determined that Fain was properly removed for unacceptable performance, we <u>affirm</u>.

## I.    BACKGROUND

In August of 2001, while employed as an Equal Opportunity Specialist, GS-0360-12, in the OCR for the Department, Fain received a "fail" rating on her 2000-2001 performance appraisal.  The Department notified her of her unacceptable performance and gave her a 120-day period to improve to a "pass" level.  It later extended that period by an additional six weeks.  During that time, Fain met with her supervisor on thirteen occasions regarding her performance, more than once every two weeks.

In July of 2002, Fain received another "fail" rating on her 2001-2002 performance appraisal.  In response, in August of 2002, Fain contacted the Equal Employment Opportunity ("EEO") office and initiated an action against her supervisor, claiming that her supervisor discriminated against her and gave her "fail" ratings for engaging in EEO activity.

On September 6, 2002, she received a twenty-five page notice of proposed removal for unacceptable performance.  The notice was initiated by her supervisor and stated that her removal was proposed "because of [her] continued failure to demonstrate performance at the 'Pass' level in two critical elements of [her]

---

[1]     Despite petitioning for review of the Department's denial of her within-grade salary increase, Fain does not raise any arguments concerning that denial before this court.  In fact, her briefs do not even mention that petition for review.  We consequently consider Fain's challenge of the denial of her within-grade salary increase to be waived.  Accordingly, we address only Fain's removal challenge in this decision.

performance plan." Thereafter, on September 13, 2002, an EEO counselor notified Fain's supervisor about Fain's EEO action.

On September 20, 2002, Fain submitted a written response to the removal notice to the regional director of the OCR, the deciding official. She acknowledged her two, consecutive "fail" ratings, but nevertheless pointed out that she received a team performance award in 2001 and thus asserted that her work was acceptable.

On February 20, 2003, she received a notice of final decision from the regional director, removing her from her position as an Equal Opportunity Specialist. At the time of her removal, Fain had been employed by the federal government for thirty years, and she was 48 years old.

On March 7, 2003, Fain appealed her removal to the Board. On September 25, 2003, following a hearing, the administrative judge ("AJ") assigned to her case upheld her removal. The AJ first considered whether the Department adequately notified Fain of her unacceptable performance and provided her with a sufficient opportunity to improve, ultimately finding that it did both. In making this finding, she observed that the Department issued a lengthy document, prepared by Fain's supervisor, detailing her performance deficiencies and offering numerous examples of precisely how her performance fell below the "passing" level. Initial Decision, slip op. at 5. The AJ also observed that Fain's supervisor gave her a notice of opportunity to improve with specific direction as to what she needed to do to attain a "pass" rating. Id., slip op. at 6. She likewise observed that the record contained evidence of numerous meetings between Fain and her supervisor regarding her progress. Id., slip op. at 8. Lastly, she noted that various persons employed by the Department testified at the hearing about Fain's poor

performance. Id., slip op. at 9-10. On the basis of that evidence, the AJ found that the Department met its burden of proving by substantial evidence that a "reasonable person could believe, on the basis of the evidence presented, that [Fain's] performance on her two critical elements was not at the passing level" and that the Department provided her an opportunity to improve, which she did not avail. Id., slip op. at 11.

The AJ then considered Fain's reprisal and discrimination defenses. As to the former, the AJ found that Fain did not meet her burden of showing by preponderant evidence that her removal was made in retaliation for her EEO action. Id. She specifically noted that Fain's supervisor issued the notice of proposed removal on September 6, 2002, seven days before she even became aware of Fain's EEO action. Id. The AJ also noted that the regional director of the OCR testified that Fain's EEO complaint was not a factor in his decision to concur with the supervisor's recommendation to remove Fain. Id., slip op. at 12. With regard to the latter, the AJ found that Fain did not show that any similarly-situated individual was treated disparately or that her supervisor or regional director made the decision to remove her solely because of her age. Id., slip op. at 14. Accordingly, the AJ upheld Fain's removal for unacceptable performance. Id., slip op. at 15.

Fain timely filed a petition for review of the AJ's initial decision. On August 4, 2004, the full Board denied her petition. Fain v. Dep't of Educ., No. DA-0432-03-0285-I-1 (M.S.P.B. Aug. 4, 2004). It concluded that she failed to present any new, previously-unavailable evidence and that the AJ did not make an error in law or regulation which affected the outcome of her appeal. Accordingly, the decision of the

AJ became the final decision of the full Board.  See Loui v. Merit Sys. Prot. Bd., 25 F.3d 1011, 1013 (Fed. Cir. 1994); 5 C.F.R. § 1201.113(b) (2004).

Fain timely appealed to this court.  We have jurisdiction over a final decision of the Board pursuant to 28 U.S.C. § 1295(a)(9).

## II.  DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. Pursuant to 5 U.S.C. § 7703(c), we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.  Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003).  "The petitioner bears the burden of establishing error in the Board's decision."  Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Fain raises several arguments on appeal.  First, she asserts that the Department failed to follow 5 U.S.C. § 4303(c) in removing her because it delayed more than five months in issuing a removal decision after issuing the notice of proposed removal.  The Department's error, Fain argues, is per se harmful because there is no exception for failing to follow the time limits set forth in § 4303(c).  She also claims the Department's error was generally harmful because her "rights were substantially prejudiced when the Department of Education maintained a threat of performance based action . . . for an extended period of time."  Second, she contends that she was not aware of the areas in which her performance was deficient because the notices she received from the Department only mentioned one of three possible performance standards and because

her supervisor did not identify specific deficiencies in two of the several performance progress meetings she had with her during her opportunity to improve period. Third, Fain claims that she was removed in retaliation for the grievance she filed in October of 2001 and the EEO action that she initiated in August of 2002. Finally, she argues that she was removed because of her age and that similarly-situated, younger employees were treated differently. We consider each of Fain's arguments in turn.

**A.**

At the outset, we observe that Fain raised her "delay" argument in her prehearing submission, contrary to the Government's contention. In particular, she listed as one of the issues to be presented at the hearing "whether Agency waived its right to remove Appellent because of Agency's delay in issuing its final decision." We thus conclude that Fain's "delay" argument was not waived and is properly before this court, even though the Board did not discuss that argument in its decision.

With respect to the merits of her position, § 4303(c) states: "The decision to retain, reduce in grade, or remove an employee shall be made within 30 days after the date of expiration of the notice period." 5 U.S.C. § 4303(c) (2000). Fain argues, and the government concedes, that the Department did not make the decision to remove her until several months after the expiration date of the notice period. Fain is thus correct that the Department did not comply with § 4303(c). Nevertheless, contrary to Fain's contention, we conclude that the Department's failure was not harmful to Fain in any legally-sufficient way.

The facts here are similar to those in Diaz v. Department of the Air Force, 63 F.3d 1107 (Fed. Cir. 1995). There, the petitioner argued that his removal was invalid

simply because the Air Force decided to remove him more than three months after the notice period expired. This court rejected his argument, stating "[a]n agency's violation of a statutory procedural requirement does not necessarily invalidate the agency action, especially where Congress has not expressed any consequences for such a procedural violation." Diaz, 63 F.3d at 1109. It likewise held that an agency decision premised on an error in statutory procedure need be reversed only if harmful error is shown. Id.

Fain makes virtually the same argument as the petitioner in Diaz. Like the Diaz petitioner, Fain does not argue or submit any evidence whatsoever tending to show that the Department's delay either affected the outcome of the Department's decision or otherwise harmed her. Additionally, the regional director stated in the notice of final decision that he only considered her performance prior to the notice of proposed removal in deciding whether to remove her. Fain's conduct during the period of delay thus had no adverse effect on her. Accordingly, we conclude that Fain has not shown per se harmful error under Diaz.

With respect to Fain's argument that she was generally harmed by the delay, she simply asserts that she experienced the "threat of performance based action for an extended period of time." She does not substantiate her claim of psychological harm with any evidence, and the mere possibility that the deciding official would accept the recommendation to remove her does not constitute actual harm. Moreover, as far as we can ascertain, the delay, if anything, worked at least partially to her benefit. Had she improved her performance during the delay period, it stands to reason that the regional director might not have sustained the recommendation to remove her. The Department,

after all, certainly appears to have made every possible effort to help Fain maintain her employment. We thus conclude that Fain's general harm argument is without merit.

**B.**

Fain's argument regarding her awareness of the specifics of her unacceptable performance is entirely unpersuasive in the face of the voluminous record documenting the Department's repeated attempts to notify Fain in detail about her performance deficiencies and its repeated efforts to help her improve. First, as acknowledged by the AJ, the Department notified Fain of her unacceptable performance in an eight page letter after she "failed" her 2000-2001 performance appraisal. That letter included four pages of specific strategies for Fain to use to reach a "passing" level. The Department also gave her a 120-day period of time to implement those strategies, which it later voluntarily extended by six-weeks to ensure that she had sufficient opportunity to demonstrate acceptable performance in particular areas evaluated on her performance appraisal. Second, the Department arranged for Fain to have regular performance progress meetings with her supervisor during the entire 162-day improvement period, which she did on thirteen separate occasions, more than once every two weeks. Following each of those meetings, Fain's supervisor prepared a memo describing her discussion with Fain about deficient performance areas, specific assignments, and suggestions for improvement. She provided these memos to Fain for Fain's ongoing reference. The AJ took particular note of these meetings in her decision. Third, as the AJ explained, following both Fain's extensive opportunity to improve period during which she showed no change in her performance and her second "failed" performance appraisal for 2001-2002, the Department carefully detailed the deficiencies in her

performance in a twenty-five page notice of proposed removal and provided numerous, very specific instances where her performance was unacceptable. Lastly, when given the opportunity to respond to the notice of proposed removal, Fain asserted that her performance was acceptable based merely on the fact that she received a team award in 2001. The AJ observed, however, that the award was based upon the team's performance as a whole, not on Fain's individual performance. Moreover, Fain did not cite to even one project where she demonstrated "passing" level work or received positive feedback. Hence, given the lengthy period of time that the Department gave Fain to improve coupled with its very specific recommendations for improvement, we conclude that the Board's decision sustaining Fain's removal for unacceptable performance was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## C.

Based primarily upon the chronology of events in this case, it is clear that the Department did not remove Fain in retaliation for her EEO activity. As the AJ noted, Fain's supervisor proposed her removal before even knowing that Fain had contacted an EEO counselor and initiated an EEO action. Additionally, in the notice of proposed removal, her supervisor provided very specific reasons to explain her recommendation. Those reasons related exclusively to Fain's poor performance of her job responsibilities over the past two years. Furthermore, the deciding official testified that Fain's EEO actions played no part in his decision to accept her supervisor's recommendation. The AJ accepted this testimony, and Fain has not cited any testimony or other evidence to

the contrary. Accordingly, we conclude that the findings against Fain were supported by substantial evidence and that the Board properly rejected Fain's reprisal defense.

**D.**

Although Fain argues in her brief that she was removed because of her age, she submitted a "Statement Concerning Discrimination" pursuant to Federal Circuit Rule 15(c) upon filing her petition for review here, stating that she waived her age discrimination claim. Specifically, on that pre-printed form, she checked the box which read: "Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before the employing agency or the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court." Hence, given the express language of waiver selected by Fain, we conclude that her age discrimination claim is not properly before this court. Moreover, this court lacks jurisdiction to decide discrimination claims. See Williams v. Dep't of the Army, 715 F.2d 1485 (Fed. Cir. 1983) (en banc) (holding that this court lacks jurisdiction in "mixed" cases involving discrimination and non-discrimination challenges pursuant to 5 U.S.C. § 7703 (b)(1)).

**III. CONCLUSION**

For the foregoing reasons, we affirm the final decision of the Board because it is supported by substantial evidence and is in accordance with the law.