PROST, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s opinion reversing the Merit Systems Protection Board’s (“Board’s”) decision on Ms. Mitchell’s appeal rights. The majority concludes that since Ms. Mitchell’s eighteen month appointment exceeded the twelve month limit set forth in 5 C.F.R. § 213.104(a)(1), her initial appointment cannot be classified as temporary. Even accepting the majority’s view that 5 C.F.R. § 213.104(a)(1) applies to 5 U.S.C. § 7511(a)(l)(C)(ii), the fact remains that Ms. Mitchell only served less than eight months of her initial eighteen month appointment, making the Department of Justice’s (“DOJ’s”) alleged error in granting Ms. Mitchell a temporary eighteen month appointment harmless. Therefore, I conclude that Ms. Mitchell’s eight months served pending the successful completion of her background check should not be tacked on to her time served in a permanent position for purposes of determining appeal rights.
The majority insists that “the regulatory and statutory scheme requires that the nature of Ms. Mitchell’s appointment be judged at the outset, without regard to service ultimately completed.” Majority Op. at 87. Thus, the majority fails to recognize that the government should benefit from the doctrine of harmless error. This court routinely requires employees to not only show that the agency erred but also to show that the error was harmful. See, e.g., Ward v. U.S. Postal Serv., 634 F.3d 1274, 1281-82 (Fed.Cir.2011) (requiring plaintiff to show harmful error in an agency’s procedure in order to establish reversible procedural error); Diaz v. Dep’t of the Air Force, 63 F.3d 1107, 1109 (Fed.Cir.1995) (“[W]e have previously held that an employee challenging an agency action has the burden to prove that a violation of a statutory procedure was harmful.”); Handy v. U.S. Postal Serv., 754 F.2d 335, 337-38 (Fed.Cir.1985) (“It is insufficient simply to show that a statutory procedure was not followed at the agency level. Harmful error must be shown.”). And in this case Ms. Mitchell has failed to show that the DOJ’s error in using an eighteen month temporary appointment rather than a twelve month appointment was harmful to her, given that she served less than eight months under the initial temporary appointment. The DOJ’s alleged error is rendered even more inconsequential by the fact that 5 C.F.R. § 213.104(b)(1) authorizes agencies to extend temporary appointments for an additional twelve months, for a total period that exceeds the eighteen month temporary appointment at issue here. Thus, I conclude that Ms. Mitchell has failed to show that the DOJ’s error was harmful.
The majority further relies on other “considerations” surrounding the nature of *89 Ms. Mitchell’s position to support its conclusion, stating that “nothing indicates that the [DOJ] ever contemplated that the job it was giving Ms. Mitchell, even in December 2008, was a short-term job.” Majority-Op. at 85. The majority also concludes that determining that Ms. Mitchell did not hold a “temporary” appointment after December 2008 serves the statute’s purpose to “ensure that the agency can fully judge an employee’s performance and yet vest these employees with important job protections.” Id. (citing Van Wersch v. Dep’t of Health & Human Servs., 197 F.3d 1144, 1149 (Fed.Cir.1999)).
However, I do not find these considerations persuasive. The DOJ’s alleged intent of continuing Ms. Mitchell’s employment is diminished by the fact that the agency noted in both the SF-50 and SF-52 forms that it considered her initial appointment to be temporary. Further, while the legislative history does indicate that it was Congress’s intent to give employees in similar positions appeal rights after two years of service, if Congress had intended to count temporary service in that calculation, it would not have clearly excluded such service in 5 U.S.C. § 7511(a)(l)(C)(ii).
For the foregoing reasons, I conclude that Ms. Mitchell’s time served pending the completion of her background check was time served in a temporary position. Since Ms. Mitchell has failed to show that, prior to her termination, she completed two years in an excepted service position that was not temporary, I would not grant appeal rights under 5 U.S.C. § 7511(a)(l)(C)(ii). Therefore, I would affirm the final order of the Board.