# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

YOLANDA A. COLLINS,

        Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
DA-0432-14-0224-I-1

DATE: November 26, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew Brumsey</u>, Harvey, Louisiana, for the appellant.

<u>Brandi M. Powell</u>, New Orleans, Louisiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed her removal for unacceptable performance under chapter 43. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

¶2      Effective January 17, 2013, the agency removed the appellant from her position as a Budget Analyst based on her unacceptable performance in Critical Element 2 of her position. Initial Appeal File (IAF), Tab 16, Subtabs 4b, 4e. Critical Element 2 concerns the Budget Analysts' performance standards for Computer Analysis, Input and Overpayment Reconstruction and Resolution. IAF, Tab 17, Subtab 4p at 2. Under Critical Element 2, to be fully successful, Budget Analysts must:

> On the basis of the analysis of the overpayment record, make necessary adjustments, additions, or corrections to the master record with no more than 5 exceptions. Analyze overpayments in order to reconstruct the payment record and determine the cause and exact amount of the debt in 10 days with no more than 20 exceptions. Accurately and timely process requests for direct deposits and school certifications within 3 workdays.

*Id.*

¶3      After the appellant was unsuccessful during her first 90-day performance improvement plan (PIP) effective September 13, 2012, the agency issued a notice on April 26, 2013, proposing her removal. IAF, Tab 17, Subtab 4n at 3-5, Subtab 4j at 2-3. The agency did not act on that proposal. Instead, the agency

entered into a written agreement on June 6, 2013, to send the appellant to attend 5 days of off-site training in Iowa; to place her on a 90-day PIP after she returned from training, beginning on June 17, 2013; and to provide her additional training and biweekly meetings with the Division Chief to provide feedback. IAF, Tab 17, Subtab 4i at 3.

¶4      On October 23, 2013, the agency notified the appellant that it was proposing to remove her again because she was unsuccessful in meeting Critical Element 2 during her second 90-day PIP. IAF, Tab 16, Subtab 4e at 1-2. In its notice of proposed removal, the agency stated that the parties previously agreed that the appellant's performance would be acceptable if 75% of her cases were financially accurate and she timely returned 75% of her cases within 10 days. *Id*. at 1. The agency further stated that, during the relevant period, the appellant failed to perform successfully on Critical Element 2 because her financial accuracy was 7% and her timeliness was 33%. *Id*. at 1-2. After considering the evidence, including the appellant's oral and written replies to her proposed removal, the deciding official sustained the appellant's removal effective January 17, 2014. IAF, Tab 16, Subtab 4b at 1.

¶5      The appellant filed a timely appeal of her removal and raised affirmative defenses alleging harmful error and retaliation for engaging in protected activity. IAF, Tab 1, Tab 28 at 2. Following a hearing, the administrative judge affirmed the agency's decision to remove the appellant for unacceptable performance on Critical Element 2 of her Budget Analyst position. IAF, Tab 29, Initial Decision (ID) at 1. The administrative judge further found that the appellant failed to prove her affirmative defense of reprisal. ID at 14. Specifically, the administrative judge found that the appellant proved that she engaged in protected activity by filing a grievance, that the individuals taking the removal action knew

of her grievance,[2] and that her removal could have been reprisal for protected activity but that she failed to prove that there was a nexus between her removal and filing her grievance or engaging in any other protected activity. ID at 12-14. The administrative judge did not address the appellant's remaining affirmative defense of harmful error.

¶6        The appellant has filed a petition for review arguing that the agency failed to consider certain evidence regarding her retaliation claim. Petition for Review (PFR) File, Tab 1. She also reasserts her allegation that the agency committed harmful error by violating the collective bargaining agreement. The agency filed a response in opposition to her petition. PFR File, Tab 3.

¶7        The failure to demonstrate acceptable performance under a single critical element will support removal under chapter 43. *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 29 n.12 (2013). On review, the appellant does not challenge the administrative judge's findings that the agency proved by substantial evidence[3] that: (1) it communicated to the appellant her performance standards and the critical elements of her position; (2) its performance standards were valid; (3) it notified the appellant of her unacceptable performance and provided her with an opportunity to improve; and (4) the appellant's performance in Critical Element 2 was not successful. *See id.*, ¶ 6; *see also* ID at 3-13. We therefore AFFIRM those findings.

---

[2] The administrative judge did not find that the proposing and deciding officials were aware of the appellant's Board appeal, although both were aware of her grievance. ID at 13.

[3] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." *Towne*, 120 M.S.P.R. 239, ¶ 6 (citing 5 C.F.R. § 1201.56(c)(1)). Substantial evidence is a lesser standard of proof than preponderance of the evidence and, to meet this standard, the agency's evidence need not be more persuasive than that of the appellant. *Id.*

¶8        Regarding the appellant's retaliation-for-protected-activity affirmative defense, the appellant itemizes some of the evidence and arguments she made below and asserts that the administrative judge did not fully consider all of the evidence.  PFR File, Tab 1 at 5-7; *see* IAF, Tab 21 at 7, 12, 14, Tab 23 at 5-6.  The administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching his decision.  *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  Moreover, the appellant has not identified any new evidence of record indicating that the administrative judge erred by finding that she failed to prove her claim of retaliation.  As such, the appellant's arguments on review constitute mere disagreement with the administrative judge's explained findings on these issues, and we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge in this appeal.  *See* ID at 3-15; *see also Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶9        On review, the appellant also reasserts the argument she made on appeal that the agency committed harmful error by violating the American Federation of Government Employees (AFGE) contract, Article 27, § 10, ¶¶ A-C, concerning performance improvement plans.  PFR File, Tab 1 at 4; IAF, Tab 12 at 2, Tab 23 at 1-2, Tab 27 at 4-5, 12, Tab 28 at 1-2.  Specifically, she argues that the agency committed harmful error by placing her on a PIP under the same supervisor whom she previously charged with a "Prohibit [sic] Personnel Action along with Discrimination and using Retaliation Method in order to remove/fire her."  PFR File, Tab 1 at 4.  The appellant argues, among other things, that her supervisor wanted her to fail and that her supervisor made up her mind "not to help or

provide any type of training or corrective action," which violated her agreement with the agency regarding the PIP. *Id.*

¶10    Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency's error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991); *see* 5 C.F.R. § 1201.56(c)(3). The appellant has the burden of proving by preponderant evidence that the agency committed an error that harmed her substantive rights. *See* 5 C.F.R. § 1201.56(c)(3).    A procedural error that does not prejudice the appellant's substantive rights provides no basis to overturn the agency's action. *See generally Tate v. Department of the Interior*, 4 M.S.P.R. 106, 107 (1980).

¶11    Although the administrative judge did not specifically address the appellant's harmful error claim in the initial decision, we find that her failure to do so is not prejudicial error and does not warrant reversing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). The administrative judge properly apprised the appellant of her burden of proving her affirmative defense of harmful error, as well as the kind of evidence required to meet her burden.  IAF, Tab 24 at 2, Tab 28 at 2.  Because the parties had the opportunity to submit evidence and argument on this issue, we MODIFY the initial decision to address it here.

¶12    The union agreement that the agency allegedly violated, specifically AFGE contract, Article 27, § 10, ¶¶ A-C, does not require the agency to reassign the appellant to a new supervisor during a PIP. *See* IAF, Tab 27 at 12.  We therefore find no merit in the appellant's argument that the agency's failure to assign her to a different supervisor violated the union contract and constituted harmful error. *See* PFR File, Tab 1 at 4.  AFGE contract, Article 27, § 10, ¶¶ A-C, requires, among other things, that the agency afford the employee a reasonable opportunity of at least 90 calendar days to improve her performance and provide other

assistance as appropriate, such as training and biweekly feedback. IAF, Tab 27 at 12. In the parties' June 6, 2013 agreement plan, the agency agreed to provide the appellant with assistance during her second 90-day PIP, which included training and biweekly feedback. *Id*., Tab 17, Subtab 4i at 3.

¶13    On review, the appellant reasserts her argument that the agency did not provide the agreed-upon training, and she also argues that the administrative judge misconstrued the testimony of her union representative concerning this issue. PFR File, Tab 1 at 6; IAF, Tab 28 at 1-2. We find that the administrative judge accurately summarized the witness's testimony and evidence confirming, among other things, that the appellant's supervisor met with her during the PIP on a biweekly basis, provided written feedback on her work, and showed her the steps used to complete previously prepared cases. ID at 6, 9-12; IAF, Tab 16, Subtab 4g; Hearing Compact Disc (HCD) (testimony of A. Nicholas, A. Raymond, and the appellant). Contrary to the appellant's arguments on review, the record supports the administrative judge's finding that there is no merit in the appellant's claim that she did not receive the requisite training during the PIP. *See* HCD (testimony of A. Nicholas, A. Raymond, and the appellant); *see also* ID at 12.

¶14    Although the appellant disagrees with the teaching method employed by her supervisor, she has not proven by preponderant evidence that the training she received during the PIP violated any agency rule, regulation, or collective bargaining agreement; or that the alleged procedural violation was harmful and affected the outcome of the agency's decision. *See generally* 5 U.S.C. § 7701(c)(2)(A); *Diaz v. Department of the Air Force*, 63 F.3d 1107, 1109 (Fed. Cir. 1995); *Martin v. Federal Aviation Administration*, 795 F.2d 995, 999 (Fed. Cir. 1986). We therefore MODIFY the initial decision to find that the appellant failed to prove her affirmative defense of harmful error.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____

                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.