NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREGORY MCINNIS,**
*Petitioner*

**v.**

**DEPARTMENT OF EDUCATION,**
*Respondent*

---

2016-2652

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-14-0518-I-1.

---

Decided: February 8, 2017

---

GREGORY MCINNIS, Gary, IN, pro se.

JOSEPH ASHMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before NEWMAN, MAYER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Gregory McInnis appeals a final order of the Merit Systems Protection Board ("board") denying his petition for review of an initial decision upholding his removal from the federal service. *See McInnis v. Dep't of Educ.*, No. CH-0752-14-0518-I-1, 2016 MSPB LEXIS 4233 (July 20, 2016) ("*Final Order*"); *McInnis v. Dep't of Educ.*, No. CH-0752-14-0518-I-1, 2016 MSPB LEXIS 768 (Feb. 11, 2016) ("*Initial Decision*"). For the reasons discussed below, we affirm.

## BACKGROUND

McInnis was employed as an Institutional Review Specialist by the Department of Education ("agency" or "Education Department"). He worked in the agency's Federal Student Aid Office ("FSA"). In January 2011, McInnis was suspended for fourteen days for failure to follow supervisory instructions, failure to follow established work procedures, and failure to take appropriate action. In September 2011, McInnis received counseling for failure to comply with time and attendance procedures and was placed in a restricted leave status. On December 12, 2012, he was suspended for thirty days for being absent without leave and for failure to comply with established time and attendance procedures.

Effective January 24, 2014, the agency removed McInnis from his position based on charges of: (1) absence without approved leave; (2) failure to follow established leave procedures; and (3) failure to follow instructions. The agency alleged that on forty-seven occasions, in the period between December 2012 and August 2013, McInnis did not report to work for part of the day, left work early, or did not report to work at all, and that he had not obtained advanced approval for his absences. In addition, the agency asserted that McInnis failed to follow established leave procedures and failed to follow instructions by not timely completing required security

training and not properly initiating procedures for a security breach incident. *See Final Order*, 2016 MSPB LEXIS 4233, at *3–4.

McInnis appealed his removal to the board, asserting that the agency lacked any appropriate basis for removing him. He further contended that the agency removed him in reprisal for protected whistleblowing activity. Specifically, McInnis asserted that the agency retaliated against him for disclosures he made to several agency employees, including FSA Chief Operating Officer William Taggert, about problems with the agency's contract with Perot Systems Corp. ("Perot"). *See Initial Decision*, 2016 MSPB LEXIS 768, at *40. According to McInnis, he told agency officials that he was an end-user of a Perot platform designed to integrate various software programs, and that he had observed problems and delays associated with the implementation of the Perot system. *Id.* at *40–41. McInnis also alleged that he was removed because he had complained about his supervisor's treatment of women, and that his removal violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). *See* 38 U.S.C. §§ 4301–33.

On February 11, 2016, an administrative judge issued an initial decision upholding the agency's decision to remove McInnis from the federal service. The administrative judge concluded that the Education Department had proved its charges against McInnis by a preponderance of the evidence, sustaining forty-four of the forty-seven allegations of absence without leave, fifty-seven of the sixty-one allegations of failure to follow appropriate leave procedures, and both allegations of failure to follow supervisory instructions. The administrative judge further concluded that McInnis did not make any disclosures protected by the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8), and that even if he had made any protected disclosures, there was

no showing that they were a "contributing factor" in the agency's decision to remove him from his position. *Initial Decision*, 2016 MSPB LEXIS 768, at *47. The administrative judge determined, moreover, that the agency had established, by clear and convincing evidence, that it would have removed McInnis in the absence of the alleged protected disclosures. *Id.* at *48–50.

The administrative judge also rejected McInnis' claim that he was removed in reprisal for allegedly making complaints that his supervisor had treated women improperly. *See id.* at *51–53. The administrative judge explained that McInnis did not show that he made a protected sex discrimination complaint and that even if he had, there was no evidence that agency officials were aware of any such complaint when they proposed his removal. *See id.* at *52–53. In addition, the administrative judge determined that McInnis had not demonstrated that the agency's removal action violated USERRA, explaining that McInnis had "not contended that any adverse actions were taken due to the obligation or performance of military duty." *Id.* at *60. Finally, the administrative judge concluded that the agency's decision to impose the penalty of removal was appropriate given the serious nature of McInnis' misconduct and his "significant past disciplinary history." *Id.* at *63.

McInnis then appealed to the board. On July 20, 2016, the board upheld the agency's removal action and adopted the administrative judge's initial decision as the board's final decision. The board refused to consider McInnis' argument that the agency improperly issued his removal letter outside of the time period specified in the governing collective bargaining agreement, explaining that he had waived that argument by failing to raise it before the administrative judge. *See Final Order*, 2016 MSPB LEXIS 4233, at *11–13. The board determined, moreover, that the record did not support McInnis' whistleblower affirmative defense because there was no

credible evidence that he made any disclosure protected under the WPA. *Id.* at \*18 (explaining that McInnis lacked sufficient "knowledge about the [Perot] contract's terms and conditions, payments made by [the agency], negotiations concerning performance, or any other relevant circumstances pertaining to the agreement with [Perot]"). McInnis then appealed to this court.

DISCUSSION

Our review of a decision of the board is circumscribed by statute. We can set such a decision aside only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Welshans v. USPS*, 550 F.3d 1100, 1102 (Fed. Cir. 2008). "Substantial evidence is more than a mere scintilla of evidence, but less than the weight of the evidence." *Jones v. HHS*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (citations and internal quotation marks omitted); *see also Dickinson v. Zurko*, 527 U.S. 150, 162 (1999).

On appeal, McInnis asserts that the board erred when it "determin[ed] that the [absent without leave] charges were supported by fact." We disagree. In an exceptionally thorough opinion, the administrative judge carefully considered the evidence of record and determined that the agency had established, by a preponderance of the evidence, that McInnis was absent without leave on at least forty-four separate occasions between December 20, 2012, and August 22, 2013. *See Initial Decision*, 2016 MSPB LEXIS 768, at \*10–23. The agency submitted "extensive documentation" to buttress its claim that McInnis was repeatedly absent from his position without prior agency approval. *Id.* at \*13. On appeal, McInnis makes conclusory assertions that the board erred in determining that he was repeatedly absent

from his position without leave, but he fails to point to any credible evidence supporting his contentions. *See Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998) (explaining that "[t]he petitioner bears the burden of establishing error in the Board's decision").

McInnis further asserts that his removal action should be set aside because the Education Department did not issue the letter removing him from his position within the time period specified in the governing collective bargaining agreement. The board held that McInnis waived this argument by failing to present it to the administrative judge. *See Final Order*, 2016 MSPB LEXIS 4233, at *12; *see also Meglio v. Merit Sys. Prot. Bd.*, 758 F.2d 1576, 1577 (Fed. Cir. 1984). Even if McInnis did not waive this argument, he points to no evidence suggesting that the agency's alleged procedural error was harmful. *See* 5 U.S.C. § 7701(c)(2)(A) (providing that the board cannot sustain an agency decision if the employee "shows harmful error in the application of the agency's procedures in arriving at such decision"); *Ward v. USPS*, 634 F.3d 1274, 1281 (Fed. Cir. 2011) (emphasizing that the board is "required to run a harmless error analysis to determine whether [a] procedural error require[s] reversal"): *Diaz v. Dep't of the Air Force*, 63 F.3d 1107, 1109 (Fed. Cir. 1995) ("[W]e have previously held that an employee challenging an agency action has the burden to prove that a violation of a statutory procedure was harmful.").

McInnis also contends that the board incorrectly sustained the agency's failure to follow supervisory instructions charge because he did, in fact, complete the cybersecurity training his supervisor instructed him to complete. As the administrative judge correctly determined, however, McInnis was instructed not only to complete mandatory training but also to notify his supervisor that the training had been completed. *See Initial Decision*, 2016 MSPB LEXIS 768, at *32–34. On

appeal, McInnis identifies no credible evidence supporting his assertion that he completed the required security training and notified his supervisor that he had done so. *See Final Order*, 2016 MSPB LEXIS 4233, at \*16 ("Although [McInnis] argues on review that he did notify his supervisor that he had completed the training, he submitted no evidence in support of his claim. The agency, on the other hand, submitted notice of the training requirement, various reminders, specific notification of the due date, and an email showing [McInnis] as one of several employees who had not yet completed the training." (footnote and citations omitted)).

We also reject McInnis' challenge to the board's determination that he failed to establish, by a preponderance of the evidence, that the agency removed him in reprisal for protected whistleblowing activity. To support a whistleblowing defense, McInnis was required to demonstrate that a protected disclosure was a "contributing factor" in the agency's decision to remove him from his position. 5 U.S.C. § 1221(e); *see Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). Approximately four years elapsed between the time McInnis made the alleged whistleblowing disclosures to his supervisor, Earl Flurkey, and the time Flurkey proposed McInnis' removal. *See Initial Decision*, 2016 MSPB LEXIS 768, at \*46–47. Both Flurkey and Ronald Bennett, the agency official who sustained the charges against McInnis and decided to remove him from his position, testified that McInnis' alleged whistleblowing had no effect on the removal decision. *Id.* at \*45. McInnis fails to demonstrate any error in the administrative judge's decision to credit this testimony. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not

internally inconsistent, can virtually never be clear error." (citations omitted)). Furthermore, as the administrative judge correctly determined, nothing in the record "demonstrate[d] a strong retaliatory motive on the part of the agency officials who were involved in the [removal] decision," as McInnis never alleged that either Flurkey or Bennett "engaged in any specific misdeeds in connection with the Perot . . . contract." *Initial Decision*, 2016 MSPB LEXIS 768, at \*49. Nor does McInnis show any error in the administrative judge's determination that the agency demonstrated, by clear and convincing evidence, that it would have removed McInnis from his position even in the absence of the alleged disclosures. *See* 5 U.S.C. § 1221(e)(2); *Chambers v. Dep't of the Interior*, 602 F.3d 1370, 1376 (Fed. Cir. 2010) (explaining that there is "no violation of the WPA if the agency can prove by clear and convincing evidence that it would have taken the same personnel action(s) in the absence of the protected disclosure").

## CONCLUSION

We have considered McInnis' remaining arguments but do not find them persuasive. Accordingly, the final order of the Merit Systems Protection Board is affirmed.

## **AFFIRMED**