NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH J. MYNATT,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2022-1241

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-21-0278-I-2.

---

Decided:  May 12, 2022

---

KENNETH J. MYNATT, Goodlettsville, TN, pro se.

CALVIN M. MORROW, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before LOURIE, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Kenneth J. Mynatt seeks review of a final decision of the Merit Systems Protection Board ("board") dismissing his appeal as moot. *See Mynatt v. Dep't of the Treas.*, No. AT-0752-21-0278-I-2 (M.S.P.B. Aug. 30, 2021). For the reasons discussed below, we affirm.

BACKGROUND

Mynatt is employed by the Internal Revenue Service ("agency"). Appx. 1.* On October 30, 2020, Mynatt informed his supervisor that he had been "charged with aggravated domestic assault and reckless endangerment, both felonies," but that he had retained counsel and planned to "vigorously defend" against the charges. Appx. 33. On February 1, 2021, the agency proposed to suspend Mynatt for an indefinite period, stating that it had reasonable cause to believe that he might be guilty of a crime for which a sentence of imprisonment could be imposed. Appx. 15.

Later that day, Mynatt contacted Alicen Jones, who worked in the agency's human resources department, and asked her to email him a copy of the materials the agency had relied upon in proposing to indefinitely suspend him. Appx. 33. Less than thirty minutes later, Jones emailed Mynatt the materials he had requested. Appx. 33. These materials consisted of: (1) an eight-page Police Incident Report related to the charges that had been filed against Mynatt; and (2) a two-page Memorandum of Interview by Department of the Treasury Special Agent Crystal Albright. Appx. 33. On February 3, 2021, the agency removed Mynatt's access to ERAP, a system which allows agency employees to securely connect to the agency network when working remotely. Appx. 34.

---

*    "Appx." refers to the appendix submitted with the government's informal brief.

After the agency decided to suspend Mynatt, he appealed to the board. On April 6, 2021, an administrative judge of the board dismissed the appeal, without prejudice, at Mynatt's request. Appx. 24. Mynatt refiled his appeal in July 2021, submitting "evidence that the criminal charges against him had been *nolle prossed*" and that his record had been expunged. Appx. 2. Soon thereafter, the agency submitted evidence showing that Mynatt's indefinite suspension had been rescinded and he had returned to work. Appx. 2.

On August 5, 2021, an administrative judge issued a show cause order directing Mynatt to explain why his refiled appeal should not be dismissed as moot. Appx. 2. On August 13, 2021, Mynatt, through counsel, submitted a response to this show cause order. Appx. 31. In this response, he asserted that his appeal was not moot because the agency "violated [his] substantive and procedural due process rights" when it failed to provide him with the materials it relied upon when proposing that he be indefinitely suspended. Appx. 31.

On August 26, 2021, the agency replied to Mynatt's response. Appx. 32. It argued that Mynatt's appeal was moot because the agency had, in fact, provided him with the materials it had relied upon in proposing his indefinite suspension. In support, the agency submitted evidence showing that it had emailed Mynatt these materials and that he had had nearly forty-eight hours to review and copy these materials before his access to the ERAP system was revoked. Appx. 35.

The agency further asserted that because it was Mynatt himself who had notified the agency that he had been charged with two crimes and had retained counsel, "any claim . . . that he did not already have the [Police] Incident Report at the time he was suspended would strain credulity." Appx. 36. Additionally, the agency stated that even if Mynatt were able to demonstrate procedural error, he

had "not alleged that the error was harmful in any way." Appx. 36.

On August 30, 2021, the administrative judge dismissed Mynatt's appeal as moot, stating that "there [was] no dispute that the agency completely rescinded [Mynatt's] indefinite suspension and that [he] ha[d] received all the relief he could have received if this matter had been adjudicated and he had prevailed." Appx. 3 (footnote omitted). After the administrative judge's decision became the final decision of the board, *see* Appx. 3, Mynatt petitioned for review by this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our jurisdiction to review board decisions is circumscribed by statute. *See* 5 U.S.C. § 7703(c). We must affirm a board decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.* Whether the board has jurisdiction to adjudicate an appeal is a question of law which we review de novo. *See Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

The sole issue presented on appeal is whether the board correctly dismissed Mynatt's appeal as moot. In general, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Here, Mynatt does not dispute that the agency rescinded his indefinite suspension and directed him to return to work. *See Jenkins v. Merit Sys. Prot. Bd.*, 911 F.3d 1370, 1374 (Fed. Cir. 2019) (concluding that a claimant's challenge to his removal became moot after the agency rescinded the removal action). He asserts, however, that the board erred in dismissing his appeal as moot because the agency "committed a due process violation" when it failed

to provide him with the materials it relied upon in proposing to indefinitely suspend him.  Pet'r Inf. Br. 4; *see* 5 C.F.R. § 752.404(b)(1).

In response, the agency asserts that it promptly provided Mynatt with the materials it relied upon in proposing his suspension.  It contends, moreover, that Mynatt has not shown that any alleged procedural error was harmful.

We conclude that the board correctly dismissed Mynatt's appeal because he failed to make non-frivolous allegations of fact that could support a finding that his appeal was not moot.  *See* 5 C.F.R. § 1201.56(b)(2)(i)(A) (stating that the petitioner bears the burden of establishing board jurisdiction).  In response to the board's show cause order, Mynatt stated, through counsel, that his "appeal should not be dismissed as moot because the [a]gency violated [his] substantive and procedural due process rights" by failing to provide him with the materials it relied upon in proposing his suspension.  Appx. 31.  Because Mynatt's response did not explain how he suffered prejudice as a result of this alleged procedural error, however, he failed to establish that the board had jurisdiction over his appeal. *See Meglio v. Merit Sys. Prot. Bd.*, 758 F.2d 1576, 1577–78 (Fed. Cir. 1984) (concluding that the petitioner waived the right to present an argument in support of board jurisdiction by failing to properly present that argument to the administrative judge); *see also Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1102 (Fed. Cir. 2011) (explaining that "a petitioner must meet the threshold requirement of making non-frivolous allegations of fact which, if true, would be sufficient to establish the [b]oard's jurisdiction").  In this regard, Mynatt's response failed to allege facts sufficient to show that the agency would have reached a different conclusion on whether to suspend him in the absence of the purported procedural error.  *See* 5 C.F.R. § 1201.4(r) (defining "[h]armful error" as an "[e]rror by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would

have reached in the absence or cure of the error"); *Ward v. USPS*, 634 F.3d 1274, 1281 (Fed. Cir. 2011) (emphasizing that the board is "required to run a harmless error analysis to determine whether [a] procedural error require[s] reversal"); *Diaz v. Dep't of the Air Force*, 63 F.3d 1107, 1109 (Fed. Cir. 1995) (explaining that "an employee challenging an agency action has the burden to prove that a violation of a statutory procedure was harmful").

On appeal, Mynatt contends that his claim is not moot because he is entitled to back pay for the period when he was suspended without pay. *See* Pet'r Inf. Reply Br. 1–3. We conclude, however, that Mynatt waived this argument by failing to specifically raise the back pay issue in response to the board's show cause order. *See* Appx. 31; *see also Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 n.1 (Fed. Cir. 2020) (concluding that a claimant forfeited an argument by "fail[ing] to present it to the Administrative Judge in the first instance"); *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) (explaining that "[a] party in [a board] proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court"). We have considered Mynatt's remaining arguments but do not find them persuasive.

CONCLUSION

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

**AFFIRMED**